# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 9:19-cv-81108-ROSENBERG/REINHART

MARIA ESPINOZA,

    Plaintiff,

v.

TARGET CORPORATION
and JANE GREER,

    Defendants.
_____/

## **ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand. DE 5. The Court has carefully reviewed the Motion, Defendant Target Corporation's Response thereto [DE 7], Plaintiff's Reply [DE 10], and the record, and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiff's Motion to Remand is denied.

As background, Plaintiff Maria Espinoza filed this negligence action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida on April 12, 2019. DE 1-2. Count I is a negligence claim against Target for failing to take actions to keep its store free of a dangerous condition and for failing to warn Espinoza of the dangerous condition, to wit, spilled milk on the floor that caused her to slip and fall, sustaining injuries. *Id.* at 4-5. Count II is a negligence claim against Jane Greer, the general manager of the store, for those same failures. *Id.* at 6-7. According to the Complaint, this is an action for damages in excess of $15,000. *Id.* at 3.

Target removed the case to this Court under diversity jurisdiction on August 6, 2019. DE 1. Although both Espinoza and Greer are Florida residents, Target argued that Greer was fraudulently joined as a Defendant because store managers cannot be held liable for negligence solely due to

1

their job position and because there was no possibility that Greer was personally negligent in causing Espinoza's fall, as she was not present in the store at the time. Thus, Target contended that Greer's citizenship should be ignored for the purpose of evaluating the existence of complete diversity. Target further argued that the allegations in the Complaint and Espinoza's discovery responses established that the amount in controversy exceeds $75,000. Espinoza then filed the instant Motion to Remand. DE 5.

A defendant may remove a civil action filed in state court to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). The removing defendant has the burden to prove that removal is proper, and any doubts should be resolved in favor of remand to state court. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Federal courts have original diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

An action may nevertheless be removable if the joinder of the non-diverse party is fraudulent. *Id.* Joinder is deemed fraudulent "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant" or "when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (quotation marks omitted).

When determining whether to remand a case, a court evaluates the factual allegations in the light most favorable to the plaintiff. *Id.* In addition to considering the plaintiff's pleadings, the court may consider affidavits and deposition transcripts submitted by the parties. *Id.* at 1333 n.1. The court does not weigh the merits of the plaintiff's claim beyond determining whether it is an arguable one under state law. *Id.* at 1333.

To establish a tort under Florida law against an officer or agent of a corporation, "the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st Dist. Ct. App. 2005). The "officer or agent may not be held personally liable simply because of his general administrative responsibility for performance of some function of his or her employment—he or she must be actively negligent." *Id.* (alteration and quotation marks omitted). Thus, "there is no recognized cause of action for an *in absentia* claim of negligent failure to maintain a store because Florida law requires that a corporate officer or agent be personally liable for negligence only if he or she participates in the tortious conduct." *Petigny v. Wal-Mart Stores E., L.P.*, No. 18-23762-CIV, 2018 WL 5983506, *2 (S.D. Fla. Nov. 14, 2018) (alteration and quotation marks omitted) (concluding that a store manager was fraudulently joined in a personal injury action when the manager provided a sworn declaration that he was not present at the time of the incident and when the plaintiff provided no sworn testimony to the contrary); *see also Stephens v. Petsmart, Inc.*, No. 8:09-cv-815, 2009 WL 3674680, *2 (M.D. Fla. Nov. 3, 2009) (stating that "the store manager must be liable in his individual capacity and necessarily must be present in the store at the time of the accident in order to know of the hazardous condition and personally participate in the events leading up to the accident").

Here, Greer avers in a sworn affidavit that she was not present in the store when Espinoza fell and that she has no personal knowledge as to how the fall occurred. DE 1-6. Espinoza responds to this affidavit by stating that she cannot take Greer's "statement on its face to be true" and that she "must continue with discovery to confirm the accuracy of" Greer's affidavit. DE 5 at 5. However, Espinosa points to no evidence to indicate that Greer was present in the store at the time of the fall. While a court ruling on fraudulent joinder must resolve a factual dispute in the plaintiff's favor, a factual dispute exists "*only* when there is an actual controversy, that is, when *both* parties have submitted *evidence* of contradictory facts." *Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir. 2005) (quotation omitted) (comparing resolution of a claim of fraudulent joinder to ruling on a motion for summary judgment). A court does not, "in the absence of any proof, assume that the [plaintiff] could or would prove the necessary facts." *Id.* (emphasis and quotation omitted). As Espinosa has submitted no evidence to create an actual controversy about whether Greer was in the store at the time of the fall, and as an absent store manager cannot be held liable for negligence under Florida law, the Court concludes that Greer is fraudulently joined and that her citizenship does not defeat complete diversity. It is undisputed that, without consideration of Greer's citizenship, there is complete diversity of the parties. Espinosa is a Florida resident, and Target is incorporated and has its principle place of business in Minnesota.

Alternatively, Espinosa argues that Target has not shown that the amount in controversy exceeds $75,000, as she alleged in the Complaint that this is an action for damages in excess of $15,000 and as, at the time of removal, her medical bills totaled $34,704.88. *See* DE 1-2 at 3; DE 1-10. Espinosa states that she is still being treated for her injuries to date and cannot know the amount of her damages. DE 5 at 2. Where a plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in

4

controversy exceeds $75,000. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). In addition to considering the allegations in the complaint, a court may review affidavits, declarations, and other documentation and may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine the amount in controversy. *Id.* at 753-55 (stating, however, that mere "conjecture, speculation, or star gazing" is insufficient to conclude that the amount-in-controversy requirement is satisfied). A court "need not suspend reality or shelve common sense" when determining whether the amount in controversy exceeds $75,000. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (quotation marks omitted).

>Here, Espinosa alleged in the Complaint that she
>
>was injured in and about her body and extremities, and/or aggravated a pre-existing injury or condition thereto; incurred pain, suffering and mental anguish, incurred various medical and related expenses in the treatment of the injuries; suffered physical handicap; incurred loss of capacity for the enjoyment of a normal life; sustained permanent injuries within a reasonable degree of medical probability and/or permanent loss of a bodily function; suffered loss of income and/or impairment of wage earning capacity, and [she] shall suffer from such losses and impairments in the future.

DE 1-2 at 5. She stated in answers to interrogatories that she sustained injuries to her head and shoulder, that she aggravated a neck injury, and that she has memory loss and emotional and psychological injuries. DE 1-7 at 6. Her medical records indicate, among other things, that she sustained a head injury and a brain hematoma and that she suffers from chronic headaches, dizziness, lightheadedness, sensitivity to light and sound, affected vision, vertigo, decreased concentration, memory lapses, difficulty with balance, anxiety, panic attacks, depression, and insomnia. DE 1-9. Given these records, her medical bills up to the time of removal, her acknowledgment that she is still being treated, and her allegations that she has suffered injuries and losses that will affect her into the future and are permanent, the Court concludes that Target

5

has established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Thus, Target has shown that removal is proper under this Court's diversity jurisdiction.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [DE 5] is **DENIED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 23rd day of September, 2019.

*(signature)*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record