UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:19-CV-81108-RLR

MARIA ESPINOZA,

        Plaintiff,

v.

TARGET CORPORATION,

        Defendant.
_____/

## **PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO TAX COSTS (D.E. 63)**

      Plaintiff, Maria Espinoza ("Espinoza"), by and through undersigned counsel of record, hereby responds in opposition to the Motion to Tax Costs (D.E. 63) of Defendant Target Corporation ("Target"). For the reasons stated herein, while Espinoza does not challenge that Target is a prevailing party, Espinoza simply seeks to make clear that some of the amounts seem excessive under the circumstances, and 28 U.S.C. § 1920 provides that costs "may" be taxed, not that costs must.

      1.     28 U.S.C. § 1920 provides that "A judge or clerk of any court of the United States **may tax** as costs . . ." (emphasis added). This means that the Court is vested with discretion of whether or not to award costs.

      2.     Federal Rule of Civil Procedure 54(d) provides that "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—**should** be allowed to the prevailing party" (emphasis added). Thus, again, the Court has discretion of whether or not to actually award costs.

      3.     While in most cases, an award of costs is almost automatic, a case like this illustrates why Congress and the Supreme Court have vested the power to award costs in the discretion of a district court.

4. This is a case of an elderly woman who suffered substantial and permanent injuries as a result of a slip and fall at a Target. While the Court ultimately determined that Target was entitled to summary judgment under Florida's transitory substance statute, it is not as though Target moved for Rule 11 sanctions or otherwise ever argued that the suit was not brought in good faith.

5. Espinoza sued Target for her injuries. Target made a proposal for settlement that likely would have been almost entirely subsumed by any subrogation claims by Medicare. Espinoza rejected that offer, and the Court found in Target's favor on summary judgment. That said, there was never really any dispute of whether Espinoza ultimately suffered injuries or if those injuries were suffered in a Target store.

6. In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, the Supreme Court of the United States defined the interplay between 28 U.S.C. § 1920 and Federal Rule of Civil Procedure, ultimately stating that Rule 54 gives the power to tax costs while Section 1920 defines which costs may be taxed—the Court has given the power to tax costs, and Congress has defined which costs may be taxed to a losing party. 482 U.S. 437, 441–42 (1987).

7. But, then, in something that is almost remarkable given how almost-automatically that costs are usually taxed, Justice Rehnquist went on to state that "It is phrased permissively because Rule 54(d) generally grants a federal court **discretion to refuse to tax costs in favor of the prevailing party**." *Id.* (emphasis added).

8. In fact, as discussed in Justice Marshall's dissent in *Crawford Fitting Co.*, "The legislative history of § 1920 supports this view of Rule 54(d). Congress replaced the mandatory language found in the earlier version—'*shall* tax costs'—to conform to the discretion afforded by Rule 54(d)." *Id.* at 449 n.3.

9. Judge Posner of the Seventh Circuit explained this equally well in *Coyne-Delany Co., Inc. v. Capital Development Bd. of State of Ill.*, 717 F.2d 385, 392 (7th Cir. 1983):

> When rules prescribe a course of action as the norm but allow the district court to deviate from it, the court's discretion is more limited than it would be if the rules were nondirective. Rules 54(d) and 65(c) establish what Judge Friendly recently called "a principle of preference" guiding the exercise of the district judge's discretion. Friendly, Indiscretion About Discretion, 31 Emory L.J. 747, 768 (1982). The judge must have a good reason for departing from such a principle in a particular case.

10. The First Circuit, in affirming a decision **not** to award costs, stated that "Federal Rule 54 nowhere makes the awarding of such expenses mandatory, and the decision is left to the sound discretion of the district court." *Heddinger v. Ashford Memorial Community Hosp.*, 734 F.2d 81, 86 (1st Cir. 1984).

11. As the Eighth Circuit has stated: "The bill of costs proposed by a winning party should always be given careful scrutiny. The trial court has wide discretion, and its ruling will be reversed only upon a showing of abuse of that discretion." *Koppinger v. Cullen-Schiltz and Associates*, 513 F.2d 901, 911 (8th Cir. 1975).

12. As recently as 2012, the Supreme Court has reminded that "Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties." *Taniguchi v. Kan Pacific Saipan, Ltd*, 566 U.S. 560, 565 (2012).

13. In *United States v. Kolesar*, 313 F.2d 835, 838–39 (5th Cir. 1963), a pre-split 5th Circuit panel stated that "the trial court's discretion in taxing costs—**broad as it had to be**—does not extend it to taxing as a cost an item not permitted by controlling law . . ." (emphasis added).

14. Thus, as a starting point, Espinoza challenges that Target is entitled to costs at all, given the facts and circumstances of this case. Quite literally, Target has already won on a

finding that there was no constructive notice—and, therefore, no duty—even though it is patently obvious that Espinoza suffered injuries. So, to now award Target costs is to literally add insult to Espinoza's injuries.

15. However, if the Court is inclined to award Target costs, Espinoza challenges the following specific costs.

16. With respect to the fee for removal to the district court from State court, this was a strategic decision by Target, not one strictly required. Other parts of 28 U.S.C. § 1920 require necessity in requiring "necessarily obtained for use in the case." Removal was not necessary and should not be taxed to Espinoza.

17. With respect to the private process server fees, Target has not set out if it attempted to get the witnesses to agree to accept the subpoenas without the need for process. Again, other parts of 28 U.S.C. § 1920 require necessity, and Target has made no such showing here. Moreover, with respect to Mbanyana, Target has not shown why same-day service was necessary or reasonable.

18. With respect to the costs for the deposition of Ms. Espinoza, Target is seeking "overtime" reimbursement for the deposition being scheduled on a holiday. Target has not established why this was necessary.

19. With respect to the costs for the deposition of Dr. Lomax, Target is seeking "overtime" reimbursement for the deposition. Target has not established why this was necessary.

20. With respect to Target's in-house copying, Target asserts that $0.50 per page was reasonable—without citation—for this copying. Target bases this on the fact that the Florida legislature allows medical providers to charge up to $1.00 in Fla. Stat. § 395.3025 for their basis

of charging $0.50 per page. Yet, in *Rodriguez v. Marble Care Intern., Inc.*, Judge Graham found that $0.19 per page was reasonable. Further, Target has failed to establish what Target paid its counsel for this copying or why a lesser amount is not reasonable.

21. For these reasons, Espinoza implores the Court to exercise its discretion and to decline to tax costs to Target.

22. In the alternative, with respect to the items listed above, Espinoza directly challenges many of the costs that Target seeks to cost.

Dated: April 26, 2021

Respectfully submitted,

**ZEBERSKY PAYNE SHAW LEWENZ, LLP**
110 S.E. 6th Street, Suite 2900
Ft. Lauderdale, Florida 33301
Tel: (954) 989-6333
Facsimile: (954) 989-7781
mlewenz@zpllp.com
zludens@zpllp.com

By   */s/ Zachary D. Ludens*
     MICHAEL T. LEWENZ, ESQ.
     Florida Bar No. 111604
     ZACHARY D. LUDENS, ESQ.
     Florida Bar No. 111620

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of April, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF which will notify all counsel of record of the same via notices of electronic filing.

*/s/ Zachary D. Ludens*
Zachary D. Ludens, Esq.