UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-81108-ROSENBERG/REINHART

MARIA ESPINOZA,

    Plaintiff,

v.

TARGET CORPORATION
and JANE GREER,

    Defendants.

_____

**ORDER DENYING DEFENDANT'S MOTION FOR
ATTORNEYS' FEES AND REASONABLE COSTS AND GRANTING
IN PART AND DENYING IN PART DEFENDANT'S MOTION TO TAX COSTS**

**THIS CAUSE** is before the Court upon Defendant Target Corporation's ("Defendant") Motion for Attorneys' Fees and Reasonable Costs [DE 64] and Motion to Tax Costs [DE 63]. The Court has reviewed Defendant's Motions and Plaintiff's Responses [DE 81, 82] and is otherwise fully advised in the premises. For the reasons given below, Defendant's Motion for Attorneys' Fees and Reasonable Costs is **DENIED**, and Defendant's Motion to Tax Costs is **GRANTED IN PART AND DENIED IN PART**.

    **A. Defendant's Motion for Attorneys' Fees and Reasonable Costs**

Defendant seeks attorneys' fees totaling $12,405 and reasonable costs in the amount of $2,475. DE 64 at 1. Florida law provides that,

> In any civil action for damages filed in courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees … from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer ….

Fla. Stat. § 768.79(1). Because this Court exercises diversity jurisdiction over the case, the Court must apply Florida substantive law, including the attorneys' fees provision set forth in Fla. Stat.

§ 768.79 and the settlement proposal standard set forth in Fla. R. Civ. P. 1.442. *See, e.g.*, *McMahan v. Toto*, 311 F.3d 1077, 1082 (11th Cir. 2002) (applying Fla. R. Civ. P. 1.442 with Fla. Stat. § 768.79 in a diversity case); *see also Fonseca v. Wal-Mart Stores E., LP*, No. 18-62768-CIV, 2020 WL 5228126, at *2 (S.D. Fla. Sept. 2, 2020) (same).

Defendant argues that it is entitled to an award of attorneys' fees and reasonable costs because it "served a Proposal for Settlement directed to [Plaintiff]," which Plaintiff did not accept, and because "the Court entered a judgment of no liability on [Defendant's] behalf." DE 64 at 2. Plaintiff "does not challenge the reasonableness of counsel for [Defendant's] rate nor does [Plaintiff] challenge the hours reasonably expended. [Plaintiff] also does not challenge the reasonableness of the costs sought." DE 81 at 2. Instead, Plaintiff challenges "whether [Defendant's] Proposal for Settlement was valid under Florida Statute Section 768.79." *Id.* Specifically, Plaintiff presents three arguments as to why Defendant's settlement proposal fails to comply with Florida law. First, Plaintiff argues that the "proposed settlement falls short of the particularity requirement" under Fla. R. Civ. P. 1.442. *Id.* at 4. Second, Plaintiff argues that the settlement proposal was "illusory" because it "would have deprived [Plaintiff] of the independent control of the decision to settle," as "payment under the settlement was conditional on release by the Medicare Secondary Payer Recovery Contractor." *Id.* at 5-6. Finally, Plaintiff argues that the settlement proposal was either not made in good faith or that Defendant "was disingenuous in its Notice of Removal" because Defendant "ultimately offered less than 10% ($7,500) of what it claimed was at issue when it filed its Notice of Removal." *Id.* at 6.

The Court first considers Plaintiff's argument that Defendant's "proposed settlement falls short of the particularity requirement" under Florida law. *Id.* at 4. A settlement proposal shall "state with particularity any relevant conditions" and "state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal." Fla. R. Civ. P. 1.442(c)(2)(C), (D). "This

2

rule applies to all proposals for settlement authorized by Florida law, regardless of the terms used to refer to such offers, demands, or proposals ….." Fla. R. Civ. P. 1.442(a). "[A]n offer of judgment is ineffectual if it contains an 'obligation to relinquish rights on future causes of action based on facts that have not occurred.'" *Fonseca*, 2020 WL 5228126, at *3 (quoting *Ambeca, Inc. v. Marina Cove Village Townhome Ass'n*, 880 So. 2d 811, 813 (Fla. 1st Dist. Ct. App. 2004)). "The condition that a plaintiff relinquish all rights to sue about anything at any point in the future is intrinsically a condition incapable of being stated with the particularity required under section 768.79 of the Florida Statutes." *Univ. of Miami v. Intuitive Surgical, Inc.*, No. 04-20409-CIV, 2007 WL 9751759, at *3 (S.D. Fla. Mar. 14, 2007), *report and recommendation adopted*, 2007 WL 9751730 (S.D. Fla. Apr. 25, 2007) (quoting *Zalis v. M.E.J. Rich Corp.*, 797 So. 2d 1289, 1290 (Fla. 4th Dist. Ct. App. 2001)).

In *Fonseca*, the district court considered defendant Wal-Mart's motion for attorneys' fees and reasonable costs filed after the court granted Wal-Mart's motion for summary judgment. 2020 WL 5228126, at *1. The court reviewed the proposed settlement agreement Wal-Mart had presented to plaintiff Fonseca, which stated that,

> a. Plaintiff and all others acting by, through or in concert with him, hereby releases, acquits and forever discharges Wal-Mart of and from any and all liability, rights, claims, demands, including but not limited to damages, costs, medical costs, expenses, actions, causes of action, suits of liability, wrongful death, survival actions, and controversies of any and every kind and description whatsoever, whether at law or equity, under statute, in contract, or in tort, suspected or unsuspected, known or unknown, without exception or reservation, now existing or which may accrue later, including any and all claims asserted or which could have … been asserted in any lawsuit, on account of and in any manner arising out of or related to the [I]ncident and as set forth in the case ….

> b. Plaintiff understands and agrees that, by execution of this Agreement, Plaintiff intends to release, and does release, any and all claims whatsoever which the Plaintiff now has or which may accrue in the future on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen injuries and damages, and the consequences thereof arising out of or related to the Incident**,** regardless of whether such injuries or damages have actually been suffered, experienced, or incurred by Plaintiff or whether such injuries or damages

3

> may be suffered, experienced or incurred in the future, and with the knowledge that such injuries or damages may be progressive and may worsen or become manifest in the future.

*Id.* The court ruled that the "proposed general release falls short of the particularity requirement set out" in Fla. R. Civ. P. 1.442. *Id.* at 4. The court held that, "[i]t is entirely unclear what limits—if any—this '[arising out of or] related to' language establishes" and found that, "the release would appear to sweep in both (1) claims that could be asserted *outside* of this slip-and-fall case and (2) *future* claims based on *future* Wal-Mart actions." *Id.*

Similarly, in *Univ. of Miami,* the court considered defendant Intuitive Surgical, Inc.'s ("Intuitive") motion for attorneys' fees and reasonable costs filed following the court's granting of Intuitive's motion for summary judgment. 2007 WL 9751759, at *1. The court reviewed the proposed settlement agreement Intuitive had presented to the University of Miami, which stated in paragraph 2 that, "[t]his offer is inclusive of any and all claims that have been made or could be made in the future by Plaintiff against [Defendant], which in any way relate to the subject matter of the pleadings herein." *Id.* at *2. The court held that, "[t]he nonmonetary condition in paragraph 2 of the offer of judgment is not stated with particularity" under Florida law because it "sought to preclude Plaintiff from bringing certain unidentified future claims." *Id.* at *3; *see also Zalis*, 797 So. 2d at 1290-1291 (holding that a settlement offer that sought to preclude a plaintiff from bringing any future action against the defendant fell short of the particularity requirement); *Hales v. Advanced Sys. Design, Inc.*, 855 So. 2d 1232, 1233 (Fla. 1st Dist. Ct. App. 2003) (finding that a "global release of any claim that might arise in the future, against any entity remotely related to appellee, fail[ed] to comport with the statute and rule, which require proposals for settlement to state relevant conditions and non-monetary terms with particularity"). The *Univ. of Miami* court further ruled that,

> [w]hile this Defendant did modify its reference to future actions with the phrase "[that] *in any way relate to the subject matter of the pleadings herein*," this

4

did not cure the ambiguity inherent in Defendant's proposed release of future claims, as no one is capable of identifying, much less evaluating, all yet-to-be-discovered claims Plaintiff might have that "in any way relate to the subject matter" of this lawsuit.

2007 WL 9751759, at *4.

Included in Defendant's Proposal for Settlement is a document titled "Release of All Claims" ("Release") which includes the following language:

> [Plaintiff] … does hereby and for my/our/its heirs, executors, administrators, successors and assigns release, acquit and forever discharge Target Corporation and all of its subsidiaries and affiliated entities; Sedgwick Claims Management Services Inc, (ACE American Insurance Company) and all affiliated companies and their agents, servants, successors, heirs, executors, administrators and all other persons firms, corporations, associations or partnerships from any future property damage claims, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which [Plaintiff] now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting or to result from the accident, occurrence or claim which occurred on or about 04/10/2017 at or near 10201 HAGEN RANCH ROAD, BOYNTON BEACH, FL 33437-3758.

DE 64-1 at 8. The Release contains analogous language to that of the releases at issue in *Fonseca* and *Univ. of Miami*. In *Fonseca*, the court held that it was unclear what limits the "arising out of or related to" language established. 2020 WL 5228126, at *4. It is similarly unclear in this case what limits the Release language "which may hereafter accrue on account of or in any way growing out of" establishes. DE 64-1 at 8. Furthermore, the inclusion of language in the Release requiring that Plaintiff "forever discharge" Defendant "from any future … causes of action" falls short of the particularity requirement under Fla. R. Civ. P. 1.442. *See Univ. of Miami*, 2007 WL 9751759, at *3; *Zalis*, 797 So. 2d at 1290-1291; *Hales*, 855 So. 2d at 1233. Additionally, the inclusion of the language "resulting or to result from the accident" in the Release does not cure the Release's failure to meet the particularity requirement. DE 64-1 at 8; *Univ. of Miami*, 2007 WL 9751759, at *4. As the Release does not meet the particularity requirement set out in Fla. R. Civ. P. 1.442, Plaintiff has no obligation under Fla. Stat. § 768.79 to pay the attorneys' fees and costs sought by Defendant

in its Motion for Attorneys' Fees and Reasonable Costs [DE 64]. *Fonseca*, 2020 WL 5228126, at *5. Therefore, the Court finds the attorneys' fees and costs sought by Defendant under Fla. Stat. § 768.79(1) to be non-compensable. Because the Court concludes that Defendant's settlement offer fails to comply with Fla. R. Civ. P. 1.442, the Court does not consider Plaintiff's additional arguments regarding the allegedly illusory nature of Defendant's settlement offer and whether Defendant's settlement offer was made in good faith.

### B. Defendant's Motion to Tax Costs

Under Federal Rule of Civil Procedure 54(d)(1), prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute. *Mid-Continent Cas. Co. v. JWN Constr., Inc.*, No. 17-cv-80286, 2019 WL 8402872, at *1 (S.D. Fla. July 29, 2019), *report and recommendation adopted*, 2019 WL 8402871 (S.D. Fla. Dec. 5, 2019). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). However, such presumption is not without limits, and courts may only tax costs as authorized by statute. *See U.S. Equal Emp. Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co.*, 482 U.S. at 441-442. 28 U.S.C. § 1920 provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;

6

      (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Here, Defendant seeks to recover $9,343.83 in costs. DE 63 at 9. These costs are listed as follows:

| | |
|---|---|
| Fees of the Clerk | $ 400.00 |
| Fees for service of summons and subpoena | $ 195.00 |
| Fees for printed or electronically recorded transcripts | $ 5,513.72 |
| Outside copying costs | $ 1,387.61 |
| In-house copying costs | $ 1,847.50 |
| Total | $ 9,343.83 |

Plaintiff argues that the Court should exercise its discretion and not award costs in this case. DE 82 at 1. Plaintiff argues that, "[t]his is a case of an elderly woman who suffered substantial and permanent injuries as a result of a slip and fall at a Target. … So, to now award [Defendant] costs is to literally add insult to [Plaintiff]'s injuries." *Id.* at 2, 4. In its Order Granting Defendant's Amended Motion for Summary Judgment, the Court ruled that Plaintiff's Affidavit filed in opposition to Defendant's Amended Motion for Summary Judgment was "based on inferences that are purely conjectural and speculative rather than grounded in personal knowledge or other evidence and on conclusory assertions unsupported by specific facts." DE 61 at 15. Plaintiff elected to appeal the Court's Order Granting Defendant's Amended Motion for Summary Judgment [DE 70], and the Eleventh Circuit Court of Appeals affirmed the ruling of the Court. DE 78. As Plaintiff acknowledges, "in most cases, an award of costs is almost automatic." DE 82 at 1. Furthermore, Plaintiff has not argued, much less presented evidence demonstrating, that she is experiencing financial hardship or will otherwise be unduly burdened should the Court award Defendant costs in this case. Courts in this District have regularly awarded costs in slip and fall cases in which the defendant's motion for summary judgment was granted. *See, e.g., Carroll v Carnival Corp.,* No. 16-20829-CIV, 2018 WL 1795469, at *7 (S.D. Fla. Feb. 6, 2018); *see also*

7

*Fonseca*, 2020 WL 5228126, at *5. For these reasons, the Court awards Defendant costs as outlined below.

Defendant seeks $400 for the filing fee required to bring this case in federal court. The Court's docket sheet indicates that a filing fee of $400 was paid on August 6, 2019. DE 1. It is well settled that that the filing fee paid to the Clerk of Court is a taxable cost. *See* 28 U.S.C. § 1920(1). However, Plaintiff argues that because Defendant's decision to remove this case to federal court was "a strategic decision by [Defendant], not one strictly required," Defendant should not be awarded the filing fee. DE 82 at 4. The Eleventh Circuit Court of Appeals has held that it is within the discretion of the district court to award defendants the cost of the filing fee incurred upon removal to federal court. *Gonzalez v. City of Hialeah*, 760 F. App'x. 840, 842 (11th Cir. 2019). Therefore, the Court concludes that Defendant's filing fee of $400 is reasonable and compensable.

Defendant seeks $195 for the payment of private process servers to serve three individuals with deposition subpoenas. The expense of using a private process server is compensable only to the extent authorized in 28 U.S.C. § 1921. *See W&O, Inc.*, 213 F.3d at 624. In other words, the prevailing party is only entitled to those fees that would have been incurred had the United States Marshal's Service effectuated the service. *See Davis v. Sailormen, Inc.*, No. 6:05-cv-1497, 2007 WL 1752465, at *2-4 (M.D. Fla. June 15, 2007) (awarding costs for service of subpoenas based on Marshal's rates). Under 28 U.S.C. § 1921(b), the Attorney General is authorized to regulate the fees which will be charged by the Marshal's Service. The current regulations provide that the Marshal's Service charges $65 per hour for each subpoena served. *See* 28 C.F.R. § 0.114(a)(3). As Defendant hired private process servers to serve three individuals, the Court finds the $195 expended to hire private process servers to be reasonable and compensable.

Defendant seeks $5,513.72 in fees paid for deposition transcripts. Fees for printed or electronically recorded transcripts are taxable if they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "A district court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'" *W&O, Inc.*, 213 F.3d at 621 (quoting *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997)). "Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for the purposes of investigation only, the costs are not recoverable." *Id.* at 620-21 (alteration and quotation marks omitted) (holding that whether to tax deposition costs is within the discretion of the district court). Defendant submitted the depositions of Plaintiff, Maria Mantilla, Tiffany Saavedra, Debbie Bock, Roshel Baker, Diasmine Dameus, Yoliswa Mbanyana, and Lauren Mansollil in support of its Motion for Summary Judgment. DE 42-2 through -8, -10. The Court finds that these deposition costs were not "merely incurred for convenience, to aid in thorough preparation, or for the purposes of investigation only." Therefore, the Court finds that the costs associated with these eight depositions are compensable. Plaintiff listed Dr. Karen Lomax as an expert witness on her witness list. *See* DE 36.

> Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine the witnesses … and that "the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery."

*W&O, Inc.*, 213 F.3d at 621 (quoting *Indep. Tube Corp. v. Copperweld Corp.,* 543 F. Supp. 706, 717-718 (N.D. Ill. 1982)). The Court finds that the cost of the deposition of Dr. Lomax is compensable.

Plaintiff argues that the Defendant is seeking "overtime reimbursement" for the depositions of Plaintiff and Dr. Lomax and that Defendant has failed to explain why such overtime fees were necessary. DE 82 at 4. The Court agrees. Defendant had an opportunity to file a Reply to Plaintiff's

9

Response in order to explain why such overtime fees were necessary but did not do so. Therefore, the Court does not award costs for the overtime fees claimed by Defendant for the depositions of Plaintiff and Dr. Lomax. These overtime fees amount to $435. *See* DE 63-3 at 3, 12. Therefore, the Court subtracts this amount from the total amount sought by Defendant for deposition costs and finds $5,078.72 of the amount sought for fees paid for deposition transcripts to be reasonable and compensable.

Defendant seeks $3,235.11 in copying expenses. Specifically, Defendant seeks $1,387.61 in outside copying costs and $1,847.50 in in-house copying costs. Costs of photocopies are recoverable if they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *W&O, Inc.*, 213 F.3d at 623. The burden is on the prevailing party to present evidence "regarding the documents copied including their use or intended use." *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). Defendant "seeks outside copying expenses incurred from obtaining [Plaintiff's] medical records from the non-party [medical] providers" and "nonparties including Social Security, and Unum [medical records]" in order "[t]o evaluate the extent of [Plaintiff's] claimed injuries and any pre-existing conditions" and "medical conditions related to her disability determination." DE 63 at 5-6. The Court finds that the copies of Plaintiff's medical records were "necessarily obtained [by Defendant] for use in the case." As Plaintiff has not specifically objected to Defendant's calculation of $1,387.61 for outside copying costs, the Court finds those costs reasonable and compensable.

In seeking $1,847.50 for in-house copying costs, Defendant states that such costs stem from its "in-house copying expenses for duplication of [Plaintiff's] medical records provided to Dr. Kramer in hard copy format." *Id.* at 7. Defendant argues that "[e]valuation of the medical records by [Defendant's] experts was necessary as their opinions are based upon findings and

10

documentation contained in the records." *Id*. In *Krug v Celebrity Cruises, Inc.*, the court found that,

> Defendant explained that the in-house copying costs were incurred in creating copies of medical records …. As an example, Defendant explained that it received over 4,100 pages of medical records from Plaintiff's medical providers, which then had to be sent to Defendant's six medical expert witnesses for review. Although Defendant has not specifically explained the need for each particular in-house copy, such specific explanations are not required. Therefore, the undersigned finds that the information provided by Defendant is sufficient to allow the Court to determine that these in-house copies were necessary for use in the case.

No. 16-22810-CIV, 2018 WL 3697495, at *5 (S.D. Fla Apr. 26, 2018) (citations omitted). Plaintiff does not dispute the necessity of Defendant's in-house copying. *See* DE 82 at 4-5. The Court accepts Defendant's explanation as to the necessity of the in-house copying of Plaintiff's medical records.

Defendant "asserts that $0.50 per page is a reasonable charge for its in-house copying costs." DE 63 at 7. Plaintiff argues that the fee of $0.50 sought by Defendant for each page copied in-house is unreasonably high. DE 82 at 4-5. The Court agrees. Courts in this district have found an in-house copying rate of $0.10 per page to be reasonable. *See, e.g.*, *Blanco v. TransAtlantic Bank*, No. 07-20303-CIV, 2009 WL 2834947, at *2 (S.D. Fla. June 11, 2009) (holding that a rate of $0.25 per page copied in-house was excessive and finding that $0.10 per page was reasonable); *see also Blue Water Marine Servs., Inc. v. M/Y Natalita III*, No. 08-20739-CIV, 2009 WL 1911719, at *11 (S.D. Fla. July 1, 2009) (same); *Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *7 (S.D. Fla. May 4, 2012) (holding that a $0.10–per–page rate for in-house copies was reasonable). Accordingly, the Court concludes that an in-house copying rate of $0.10 per page is reasonable. Therefore, an amount of $369.50 (3,695 pages copied in-house multiplied by $0.10 per page) for in-house copying is reasonable and compensable.

In total, Defendant is entitled to and award for costs in the amount of $7,430.83. These costs are listed as follows:

| | |
|---|---|
| Fees of the Clerk | $ 400.00 |
| Fees for service of summons and subpoena | $ 195.00 |
| Fees for printed or electronically recorded transcripts | $ 5,078.72 |
| Outside copying costs | $ 1,387.61 |
| In-house copying costs | $ 369.50 |
| Total | $ 7,430.83 |

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1. Defendant's Motion for Attorneys' Fees and Reasonable Costs [DE 64] is **DENIED.**

2. Defendant's Motion to Tax Costs [DE 63] is **GRANTED IN PART AND DENIED IN PART**.

3. Costs are hereby taxed in the amount of **$7,430.83** against Plaintiff Maria Espinoza.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 11th day of August, 2021.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record